UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAVORITE HEALTHCARE STAFFING, INC.<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUT CENTER FOR NURSING and REHABILITATION AT AURORA PARK, LLC, ABSOLUT CENTER FOR NURSING and REHABILITATION AT WESTFIELD, LLC & ABSOLUT CENTER FOR NURSING and REHABILITATION AT ORCHARD PARK, LLC<br><br>Defendants | CIVIL ACTION NO. 18-cv-01501-CCR |

### PLAINTIFF'S SUPPLEMENTAL POST HEARING MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

### INTRODUCTION

On February 7, 2019 the Plaintiff, Favorite Healthcare Staffing, Inc. ("Plaintiff") argued its previously filed Motion for Preliminary Injunction ("Plaintiff's Motion") and introduced evidence in support of the same. During said oral argument the Court raised several legal issues which the Court invited Plaintiff to respond to and provide legal citation and further argument in support of Plaintiff's Motion. This Court granted the Plaintiff until February 22, 2019 to file a Supplemental Post Hearing Memorandum in Support of its Motion for Preliminary Injunction ("Supplemental Memorandum").

1

The Plaintiff hereby respectfully submits its Supplemental Memorandum in support of Plaintiff's Motion. Plaintiff also relies upon the Complaint filed in this civil action, Plaintiff's Affidavit In Support of Plaintiff's Motion For Preliminary Injunction, Memorandum in Support of Motion for Preliminary Injunction and the evidence introduced at the hearing on February 7, 2019.

## PLAINTIFF PROPERLY SERVED DEFENDANTS IN THIS ACTION

Federal Rule of Civil Procedure ("FRCP") 4 address service of a corporation, partnership, or association. Specifically, FRCP 4(h) provides that "[u]nless federal law provides otherwise . . . a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States: (A) in a matter prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive services of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

Federal Rule of Civil Procedure 4(e) permits service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e) (1). In other words, "[a] corporation may be served either by following state law or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Lopez v. Bayview Loan Servicing*, No. 16CV1459MKBLB, 2017 WL 1507452, at *2 (E.D.N.Y. Apr. 27, 2017), appeal dismissed (Aug. 21, 2017).

In this vein, a federal plaintiff in New York may properly serve a defendant pursuant to New York State laws of service. Under New York Business Corporation Law (BCL), service on a domestic or authorized foreign corporation is proper if made by personally delivering to the Secretary of State, a deputy, or any person authorized by the Secretary of State to receive such service, at the office of the Department of State in Albany. BCL § 306(b)(1).; *see also Gourvitch v. 92nd and 3rd Rest Corp.*, 146 A.D.3d 431, 44 N.Y.S.3d 403, 404 (1st Dep't 2017) ("The motion court properly denied vacatur [of default judgment] on ground that [defendant's] conclusory denial of receipt of the summons and complaint was insufficient to rebut the presumption of service created by the affidavit of *service reflecting service through the Secretary of State*." (emphasis added)); *Shimel v. 5 South Fulton Ave. Corp.*, 11 A.D.3d 527, 783 N.Y.S.2d 54, 55 (2d Dep't 2004) ("Service of process on a corporate defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306 is valid service.").

Moreover, courts in this Circuit have routinely approved service via the Secretary of State. *See, e.g., Lopez* 2017 WL 1507452, at *2 (explaining that "New York law authorizes two traditional methods of serving process on a corporation," one of which is "by serving the New York Secretary of State, who then forwards a copy to the address it has on file for the corporation"); *Obot v. Navient*, No. 16-CV-102-A, 2017 WL 344957, at *2 (W.D.N.Y. Jan. 24, 2017) ("Likewise, the Plaintiff has not shown that he served the Defendant in any other way authorized by New York law, such as by serving the summons and complaint on the Defendant's registered agent *or on the New York Secretary of State*." (emphasis added)).

Here, Plaintiff served each defendant through the Secretary of State in Albany, New York. *See* Docket Nos. 3-5. Accordingly, pursuant to FRCP 4(h) and this Circuit's jurisprudence, Plaintiff properly served each of the defendants with both the Summons and Complaint, the Motion For A Preliminary Injunction as well as pleadings supporting and related to Plaintiff's Motion for Preliminary Injunction. *See* Docket Nos. 3-5, 8-10.

## CONTRACT TERMS REGARDING "NOTICE" DOES NOT APPLY TO SERVICE OF PROCESS OR OVER-RIDE FRCP 4(h)

During the February 7, 2019 hearing on Plaintiff's Motion this Court made an inquiry as to whether or not paragraph 7, page 4 of 5 of the contract (Plaintiff's Exhibit 1) required service of process to be made upon the individual named Lisa Mattucci, VP of Human Resources. For several reasons a review of the entire section of paragraph 7 of the contract paragraph "NOTICE" will lead to construing this paragraph as not requiring service of process upon Lisa Mattucci.

Paragraph 7 states "Any notice required by this contract.... Nowhere in the contract is there any discussion of service of process of the complaint and other pleadings such as Plaintiff's Motion. As a result, service of process of these pleadings is not required by the contract. The requirement to effectuate proper service is established by applicable law and not the contract between the parties. There is nothing in paragraph 7 that indicates it is intended to supersede, vary or change otherwise applicable procedural rules for service of process such as FRCP 4(h).

In order for the Plaintiff to provide and the defendants to receive and pay for temporary healthcare professionals ("THP's") there are numerous types of notices that either party may have to provide each other such as notice of cancellations, converting THP's to permanent employees, complaints and grievances and unsatisfactory performance regarding a THP. In paragraph 7 there is no particular individual identified to receive notice on behalf of the Plaintiff which is a clear indication that the notices contemplated under this paragraph do not relate to something as important as receipt of service of process.

Additionally, although the parties could change, with notice, who received "notice", a construction of paragraph 7 that required notice to Lisa Mattucci would result in Plaintiff never being able to effectuate proper service in the event that Lisa Mattucci left the defendants' employ and no substitute person was nominated to receive said notice. In fact, Defendants could intentionally not provide any substitute nominee to receive notice and effectively prevent proper service by the Plaintiff. In order to override the provisions of applicable law concerning service of process a provision would have to be much more specific than paragraph 7, any other construction is not warranted.

### OBTAINING A PRE-JUDGMENT ATTACHMENT PURSUANT TO NEW YORK LAW IS PROHIBITIVELY DIFFICULT & INJUNCTIVE RELIEF IS THE ONLY OPTIONAL REMEDEY

The grounds for obtaining a prejudgment attachment in New York are set forth in Civil Practice Rules Sections 6201(1) through 6201(5). McKinney's Consolidated Laws of New York Annotated, Chapter 8, § 6201 states:

> "It appears that the most important, if not the sole, factor bearing on the court's exercise of discretion is whether the attachment is truly necessary, either because

quasi-in rem jurisdiction is the only available basis for New York jurisdiction (jurisdiction arising because a defendant has property in New York, but is otherwise absent from the jurisdiction i.e. no contacts, no domicile) or genuine risk exists that the judgment will not otherwise be enforceable in New York."

Practically speaking the Second Circuit and New York State courts find an attachment is necessary only where at least one of two circumstances exist, namely (1) the defendant is a foreign corporation or there is evidence to defraud to frustrate the enforcement of the judgment. See, *Elton Leather Corp. v. First General Resources Co.*, 529 N.Y.S. 2d 769, 770-772 (1988) and *Brastex Corp. v. Allen Intern., Inc.* 702 Fed second 326, 331-332 (2d Cir. 1983). The three Defendants in this civil action are not foreign corporations and all three have licenses to conduct business in New York. Additionally, Plaintiff has not asserted that any of the Defendants are attempting to fraudulently conceal or dispose of assets.

## **QUANTUM MERUIT CLAIMS EXIST UNDER KANSAS LAW & ARE DEEMED AN EQUITABLE REMEDY**

The choice of law in the parties' contract (Plaintiff's Exhibit 1) is Kansas law. The Supreme Court of Kansas has endorsed recovery on the theory of unjust enrichment on multiple occasions, consistently stating that the basic elements of such a claim are (1) benefit conferred upon defendant by plaintiff, (2) appreciation or knowledge of benefit by defendant, and (3) acceptance or retention by defendant of benefit under such circumstances as to make it inequitable for defendant to retain benefit without payment of its value. *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, 177 (Supreme Court of Kansas 1996); *J.W. Thompson Co. v. Welles Products Corp.*, 243 Kan. 503, 512 (Supreme Court of Kansas, 1988). An unpublished Kansas Court of

Appeals case from 2007 expressly endorses the application of the theory of quantum meruit to the situation of a defendant's failure to pay for services that benefitted him. *Paul Davis Restoration of Lawrence v. Raney Properties, L.P.*, 2007 WL 1309807. In *Paul Davis*, defendant building owner Raney issued a work authorization authorizing plaintiff's restoration services to perform fire restoration work at one of his properties. The defendant building owner failed to pay his bill in full upon completion of the services. The Court of Appeals upheld the district court's finding that the work authorization was not enough to form a contract between the parties, but it *was* sufficiently indicative of the defendant's awareness and acceptance of plaintiff's services and the resulting benefit to the defendant that the plaintiff could recover under the equitable doctrine of quantum meruit. The Court of Appeals thus upheld the district court's award of damages to the plaintiff for the services he had performed for defendant but not been paid for. A much older but published Supreme Court of Kansas case also permitted a plaintiff to recover the value of his services, where there was an oral agreement, on a quantum meruit basis. *Brakensiek v. Shaffer*, 203 Kan. 817 (Supreme Court of Kansas, 1969).

Additionally, pursuant to Kansas law an unjust enrichment claim is deemed an equitable remedy as contrasted with a claim "at law". *See, e.g. Deeds v. Waddell & Reed Inv. Management Co.*, 47 Kan.App.2d 499, 511 (2012).

In the present case Plaintiff has established through evidence introduced at hearing that services were rendered to and accepted by each Defendant and that invoices were prepared based on the hourly rates contained in the contract. Defendants made payments for over a year on said invoices presented which establishes

Defendants' acceptance of the benefits bestowed upon them by the Plaintiff. Finally, Plaintiff established that it provided the services with the full expectation of receiving payment for the services based on the rates contained in the contracts. Plaintiff has met all of the elements under Kansas law in order to establish its right to collect upon its quantum meruit claims in equity.

## BECAUSE PLAINTIFF SEEKS AN EQUITABLE REMEDY UNDER KANSAS LAW GRUPO MEXICANO DOES NOT PREVENT THIS COURT FROM GRANTING INJUNCTIVE RELIEF

This Court during oral argument on Plaintiff's Motion made the inquiry as to whether or not the US Supreme Court case *Grupo Mexicano de Desarrollo v Alliance Bond Fund* 527 US 308 (1999) prevented this Court from granting Plaintiff's request for injunctive relief even though the standard requirements justifying injunctive relief in federal courts were otherwise established.

The key language from the *Grupo* decision with respect to Plaintiff's requested relief is that a United States District Court, <u>in an action at law for money damages</u>, does not have the power to issue a preliminary injunction preventing the defendant from transferring assets *in which no lien or equitable interest is claimed.*" *Grupo* 527 U.S. 308 at 310 (1999) (emphasis added). Justice Scalia in the *Grupo* decision made it clear that *Grupo* was not overturning prior Supreme Court decisions that authorized the issuance of injunctive relief when the cause of action was equitable in nature. See, *Deckert v. Independence Shares Corp.* 311 US 282 (1940) at 290.

Because the Supreme Court made a distinction between claims "at law" and equitable claims and because of the virtual impossibility of gaining prejudgment attachment remedies in New York, courts in the 2d Circuit have granted injunctive relief,

post *Grupo,* when equitable relief was sought. The following excerpt from a 2016 case in the United States District Court for the Eastern District of New York explains why the *Grupo* holding, prohibiting an unsecured creditor from seeking to restrain general assets of its debtor pending judgment, <u>does not</u> bar district courts from issuing a preliminary injunction where the plaintiff's underlying claims are primarily equitable in nature. See, *Vis Vires Group, Inc. v. Endonovo Therapeutics, Inc.*[1,2] 149 F. d Supp. 3rd 376 (2016) at 393, where the court states:

> "On the other hand courts have held that *Grupo* does not preclude a court from entering a preliminary injunction to protect the assets where the plaintiff's underlying claims are primarily equitable in nature see *US ex rel. Rahman v. Oncology Associates, 198* F. 3d 489 (1999)".
>
> Equity jurisdiction … as distinguished on the one side from the general power to decide matters at all, and on the other from the jurisdiction "at law" or "common law jurisdiction", is the power to hear certain kinds and classes of civil causes according to the principles of the method and procedure adopted by the Court of Chancery, and to decide them in accordance with the doctrines and rules of equity jurisprudence which decision may involve either the determination of the equitable rights, estates, and interest of the parties to such causes, <u>or the granting of equitable remedies.</u> (emphasis added See, *Venner v. Great Northern Railroad Co.* 153 F. 408. (1908)

Plaintiff has claims at law, Counts I, IV and VII ("Counts at Law") however Plaintiff's remaining Counts II, III, V, VI, VIII and VI sic. IX ("Equitable Counts") seek equitable relief. For the purpose of seeking its injunction, Plaintiff hereby voluntarily dismisses its "Counts at Law" and proceeds only on its "Equitable Counts". As a result, unlike in the *Vis Vires Group, Inc* Id. where the court found the proceeding primarily "at law" in nature, with the dismissal of Plaintiff's Counts at Law this Court should determine

---

[1] Plaintiff acknowledges the Vis Vires Group, Inc. decision does adopt the *Grupo* holding eliminating the Second Circuit "insolvency exception".

[2] Plaintiff brings to this Court's attention that New York US District Courts, post *Grupo*, continue to grant injunctions based on the insolvency exception due to the difficulty of obtaining prejudgment attachment remedies. See, Castle Creek Technology Partners, LLC v. CellPoint Inc. (not reported, 2002 WL 31958696)

Plaintiff's action is primarily equitable in nature and apposite case law as cited herein allows this Court to grant the preliminary injunction Plaintiff seeks.

## CONCLUSION

Plaintiff's Motion should be granted because:

1) Defendants were properly served; and

2) Prejudgment attachment remedies in New York are prohibitively difficult; and

3) Kansas law which governs the parties' business interactions recognizes quantum meruit relief and deems the same to be an equitable remedy; and

4) As a result of the facts and law cited herein because Plaintiff seeks only equitable relief this Court is not prevented from granting Plaintiff's Motion versus all three Defendants.

Respectfully submitted this the 22nd day of February, 2019

Plaintiff
Favorite Health Care Staffing, Inc.

By: Its Attorneys

/s/ David J. Noonan, Esquire
228 Triangle Street
Amherst, MA 01002
Tel. (413) 549-5491
Fax. (413) 549-5156
noonan@law-djn.com
BBO #: 373260

/s/ Caitlin M. Higgins, Esq.
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
Tel. (716)-852-5533
cmh@connorsllp.com
NY Bar # 5215041

## CERTIFICATE OF SERVICE

I, DAVID J. NOONAN, ESQ., hereby certify that on the 19th day of February, 2019 a copy of the herein **PLAINTIFF'S SUPPLEMENTAL POST HEARING MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** was served by first class mail, postage prepaid upon:

1) Defendant Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC at its business address of 292 Main Street, E. Aurora, NY 14052; and
2) Defendant Absolut Center for Nursing and Rehabilitation at Westfield, LLC at its business address of 26 Cass Street, Westfield, NY 14787; and
3) Defendant Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC at its business address of 6060 Armor Rd., Orchard Park, NY 14127.

/s/ David J Noonan, Esq.