UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

FAVORITE HEALTHCARE )
STAFFING, INC., )
 )
    Plaintiff, )
 )
v. ) Case No. 1:18-cv-1501
 )
ABSOLUT CENTER FOR NURSING )
AND REHABILITATION AT AURORA )
PARK, LLC, ABSOLUT CENTER )
FOR NURSING AND REHABILITATION )
AT WESTFIELD, LLC, and ABSOLUT )
CENTER FOR NURSING AND )
REHABILITATION AT ORCHARD )
PARK, LLC, )
 )
    Defendants. )

**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**
(Doc. 2)

On December 27, 2018, Plaintiff Favorite Healthcare Staffing, Inc. filed suit against Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC ("Defendant Aurora"), Absolut Center for Nursing and Rehabilitation at Westfield, LLC ("Defendant Westfield"), and Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC ("Defendant Orchard Park") (collectively, "Defendants"). Plaintiff seeks damages arising from Defendants' alleged failure to pay for staffing services it provided between May and October 2018.

On January 7, 2019, Plaintiff filed a motion for preliminary injunction to prevent Defendants from "transferring, selling, assigning, alienating, pledging, distributing or disposing in any manner any and all of [their] personal property including but not limited

to [their] furniture, fixtures, inventory, equipment and accounts receivable and any [and] all personal property used by the [Defendants] in [their] business[es]." (Doc. 1 at 16-17.)

An evidentiary hearing on the motion for preliminary injunction was held on February 7, 2019, at which Derek Hockenberry, Plaintiff's employee, testified. Plaintiff filed a supplemental memorandum in support of its motion on February 22, 2019, at which time the court took the pending motion under advisement. Plaintiff filed an Amended Complaint on February 25, 2019, which asserts claims in quantum meruit.

Plaintiff is represented by David J. Noonan, Esq. and Caitlin M. Higgins, Esq. Defendants have not answered, but Stephen A. Manuele, Esq. filed an appearance on behalf of Defendants on March 8, 2019.

## I.     Findings of Fact.

For the purposes of the pending motion, based upon the admissible evidence, the court makes the following findings of fact by a preponderance of the evidence:

1. Plaintiff Favorite Healthcare Staffing, Inc. is a Kansas based corporation.
2. Defendants are New York based companies incorporated under the laws of the State of New York.
3. Defendants are skilled nursing facilities.
4. Defendants' parent company is Absolut Care Facilities Management, LLC, a New York based company incorporated under the laws of the State of New York.
5. On December 23, 2014, Plaintiff and Absolut Care Facilities Management, LLC executed the Supplemental Staffing Agreement (the "Agreement").
6. The Agreement was amended on July 15, 2016 and July 18, 2018.
7. Under the Agreement and the amendments, Plaintiff was obligated to provide Defendants with temporary health care professionals to work at the skilled nursing facilities.
8. Plaintiff provided temporary health care professionals to Defendants in accordance with the Agreement and the amendments.
9. Between May 11, 2018 and October 19, 2018, Plaintiff provided temporary health care professionals for each of Defendants' facilities.
10. Plaintiff's staff, located in New York, sent invoices to Defendants for its services rendered between May 11, 2018 and October 19, 2018.

11. Despite repeated demands, Defendants failed to pay the invoices for May through October. Defendants have demonstrated they are unable to pay other obligations as they become due.

12. Defendant Aurora owes Plaintiff $134,156.36 for services rendered pursuant to the Agreement.

13. Defendant Orchard Park owes Plaintiff $146,775.50 for services rendered pursuant to the Agreement.

14. Defendant Westfield owes Plaintiff $143,266.43 for services rendered pursuant to the Agreement.

15. Defendants' failure to pay Plaintiff for its services rendered is due to Defendants' lack of funds and impending insolvency and not because of any dispute regarding the services rendered or the amount due.

16. Plaintiff has no recourse to obtain payment other than to file suit against Defendants and seek to restrain them from conveying assets that may be available to satisfy any judgment in Plaintiff's favor in this case.

**II. Conclusions of Law and Analysis.**

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987)) (citation omitted). "A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015); *see also New York ex rel. Spitzer v. Operation Rescue Nat'l*, 273 F.3d 184, 193 (2d Cir. 2001).

Plaintiff requests a preliminary injunction enjoining Defendants from alienating any of their assets pending an adjudication on the merits in this matter to ensure that there are available assets to satisfy a judgment in Plaintiff's favor. Plaintiff asserts that Defendants are either insolvent or on the brink of insolvency. Although preliminary injunctions are generally not available for injuries for which money damages could provide adequate compensation, in 1999, the Second Circuit recognized an insolvency

exception to this rule. The Second Circuit held that: "a perhaps more accurate description of the circumstances that constitute irreparable harm is that where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999). "For this reason, courts have excepted from the general rule regarding monetary injury situations involving obligations owed by insolvents." *Id.* at 250.

The United States Supreme Court rejected the insolvency exception in *Grupo Mexicano de Desarrollo, S.A., v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). In *Grupo*, the Court reversed the Second Circuit's order affirming the district court's grant of a preliminary injunction preventing the defendants from disposing of their assets pending adjudication of the plaintiffs' contract claim for money damages. *Id.* The Court grounded its decision on the historical power of district courts, observing that "the substantive rule that a general creditor (one without a judgment) had no cognizable interest, *either at law or in equity*, in the property of his debtor, and therefore could not interfere with the debtor's use of that property." *Id.* at 319-20 (emphasis supplied). It therefore required the lower court to "follow the well-established general rule that a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property." *Id.* at 321.

> The Court noted that:
>
> there is absolutely nothing new about debtors[] trying to avoid paying their debts, or seeking to favor some creditors over others—or even about their seeking to achieve these ends through sophisticated . . . strategies[.] The law of fraudulent conveyances and bankruptcy was developed to prevent such conduct; an equitable power to restrict a debtor's use of his unencumbered property before judgment was not.

*Id.* at 322 (citation and internal quotation marks omitted).

The Supreme Court observed that a preliminary injunction freezing assets on the basis of a debt that had not been reduced to judgment "could render Federal Rule of Civil Procedure 64, which authorizes use of state prejudgment remedies, a virtual irrelevance. Why go through the trouble of complying with local attachment and garnishment statutes

when this all-purpose prejudgment injunction is available?" *Id.* at 330-31. To hold otherwise, would "radically alter the balance between debtor's and creditor's rights which has been developed over centuries through many laws—including those relating to bankruptcy, fraudulent conveyances, and preferences." *Id.* at 331. "[S]uch a remedy might induce creditors to engage in a 'race to the courthouse' in cases involving insolvent or near-insolvent debtors, which might prove financially fatal to the struggling debtor." *Id.* The Court concluded "[e]ven when sitting as a court in equity, we have no authority to craft a 'nuclear weapon' of the law like the one advocated here[,]" *id.* at 332, "[b]ecause such a remedy was historically unavailable from a court of equity, we hold that the District Court had no authority to issue a preliminary injunction preventing [the defendants] from disposing of their assets pending adjudication of [the plaintiffs'] contract claim for money damages." *Id.* at 333.

Although Plaintiff asserts that *Grupo* is distinguishable from the instant case because the underlying suit in *Grupo* was for a breach of contract claim, a claim at law, and Plaintiff's claims include claims of quantum meruit, in equity, the *Grupo* Court held that "[e]ven when sitting as a court in equity" a district court did not have the authority to grant a preliminary injunction for a debt that has not been reduced to judgment. *Id.* at 332. To grant a preliminary injunction in this case would be to improperly permit Plaintiff to "interfere with [Defendants'] use of [their] property[,]" *id.* at 321, property in which Plaintiff has "no cognizable interest[.]" *Id.* at 319. Under *Grupo*, this court is not empowered to grant the relief Plaintiff requests.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction is DENIED. (Doc. 2.)

SO ORDERED.

Dated at Burlington, Vermont, this 12th day of March, 2019.

Christina Reiss, District Judge
United States District Court

5